**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCOS C. GUILLEN,<br><br>　　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>ROCHA, Correctional Officer,<br><br>　　　　　　Defendant - Appellee. | No. 08-17308<br><br>D.C. No. 5:06-cv-05176-RMW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted November 16, 2010[**]

Before:　　TASHIMA, BERZON, and CLIFTON, Circuit Judges.

　　California state prisoner Marcos C. Guillen appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for

failure to exhaust administrative remedies as required by the Prison Litigation

Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  We have jurisdiction under 28

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (dismissal for failure to exhaust administrative remedies); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)). We vacate and remand.

The district court determined at screening that Guillen did not properly exhaust administrative remedies because he stated in his complaint that he did not appeal his grievances to the highest level of administrative review. However, Guillen contends that prison officials improperly screened his grievances, preventing him from appealing to the highest level. We recently clarified that improper screening of an inmate's grievances renders administrative remedies "effectively unavailable" such that exhaustion is not required under the PLRA. *Sapp v. Kimbrell*, No. 05-15745, WL 3733581, at *10 (9th Cir. Sept. 27, 2010). Moreover, defendants bear the burden of raising and proving failure to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). We therefore cannot say at this early juncture that Guillen failed to exhaust all available administrative remedies. *See id.* at 1120 ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.").

Guillen shall bear his own costs on appeal.

**VACATED and REMANDED.**